1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   DISABLED ADVOCACY GROUP, APLC
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5
6  Attorneys for Plaintiff

7
8
9                UNITED STATES DISTRICT COURT
10               SOUTHERN DISTRICT OF CALIFORNIA
11
12
13 A. J. OLIVER,                   )   Case No. 08cv1472 BEN (POR)
                                   )
14      Plaintiff,                 )
                                   )   **Plaintiff's First Amended**
15      vs.                        )   **Complaint**
                                   )
16 THE PEP BOYS MANNY MOE &        )
17 JACK of CALIFORNIA dba PEP      )
   BOYS #651; ROBERT SARKIS        )
18 LION,                           )
                                   )
19      Defendants.                )
20
21
22
23
24
25
26
27
28

*Oliver v. The Pep Boys Manny Moe & Jack of California, et al.*         08cv1472 BEN (POR)
**Plaintiff's First Amended Complaint**

Page 1

## I. SUMMARY

1. This is a civil rights action by plaintiff A. J. Oliver ("Oliver") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Pep Boys #651
454 Broadway
Chula Vista, CA 91910
(hereafter "the Store")

2. Oliver seeks damages, injunctive and declaratory relief, attorney fees and costs, against The Pep Boys Manny Moe & Jack of California dba Pep Boys #651 and Robert Sarkis Lion (collectively "Pep Boys") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Oliver's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. Pep Boys owns, operates, and/or leases the Store, and consists of a person (or persons), firm, and/or corporation.

*Oliver v. The Pep Boys Manny Moe & Jack of California, et al.*   08cv1472 BEN (POR)
**Plaintiff's First Amended Complaint**

Page 2

8. Oliver suffered a stroke approximately 13 years ago. The stroke left him paralyzed, speech impaired, and unable to stand or walk. Oliver requires the use of a motorized wheelchair when traveling about in public. Consequently, Oliver is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Store is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Oliver has a receipt dated July 22, 2008 evidencing a visit to the Store.

11. During this visit (as well as other undocumented visits) to the Store, Oliver encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Oliver, the barriers at the Store included, but are not limited to, the following:

- There is no tow away signage posted;
- At least one disabled parking stall has a cross slope that exceeds 2.0%;
- The access aisle adjacent to the disabled parking has a cross slope that exceeds 2.0%;
- There are no spaces designated as "van accessible;"
- The platform leading into the southwest entrance (furthest from Broadway) is not level;
- The platform leading into the main entrance (closest to Broadway) is not level;
- There is no International Symbol of Accessibility at either entrance;
- The counters in the service area are too high and do not have a portion lowered to accommodate patrons in wheelchairs;
- The pay point machines in the service area are too high;

*Oliver v. The Pep Boys Manny Moe & Jack of California, et al.*  08cv1472 BEN (POR)
**Plaintiff's First Amended Complaint**

Page 3

- The counters in the parts area are too high and do not have a portion lowered to accommodate patrons in wheelchairs;
- The signage at the entrance to the men's restroom is not correct;
- The entrance door to the men's restroom requires twisting;
- The drinking fountain is too high;
- The pipes underneath the lavatory are not wrapped;
- There is insufficient clear floor space between the water closet and the lavatory;
- The grab bars do not extend 24 inches from the front of the water closet; and,
- The operable part of the paper towel dispenser is mounted more than 40 inches from the floor.

These barriers prevented Oliver from enjoying full and equal access.

12.  Oliver was also deterred from visiting the Store because he knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

13.  Oliver also encountered barriers at the Store, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Oliver is seeking to remove barriers unrelated to his disability.

14.  Pep Boys knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Pep Boys has the financial resources to remove these barriers from the Store (without much difficulty or expense), and make the Store accessible to the physically disabled.  To date, however, Pep Boys

*Oliver v. The Pep Boys Manny Moe & Jack of California, et al.*   08cv1472 BEN (POR)
**Plaintiff's First Amended Complaint**

Page 4

refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

15. At all relevant times, Pep Boys has possessed and enjoyed sufficient control and authority to modify the Store to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Pep Boys has not removed such impediments and has not modified the Store to conform to accessibility standards. Pep Boys has intentionally maintained the Store in its current condition and has intentionally refrained from altering the Store so that it complies with the accessibility standards.

16. Oliver further alleges that the (continued) presence of barriers at the Store is so obvious as to establish Pep Boys' discriminatory intent.[1] On information and belief, Oliver avers that evidence of this discriminatory intent includes Pep Boys' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Store; conscientious decision to the architectural layout (as it currently exists) at the Store; decision not to remove barriers from the Store; and allowance that the Store continues to exist in its non-compliant state. Oliver further alleges, on information and belief, that Pep Boys is not in the midst of a remodel, and that the barriers present at the Store are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

17. Oliver incorporates the allegations contained in paragraphs 1 through 15 for this claim.

---

[1] E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[2] Id.; 28 C.F.R. § 36.211(b)

18.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

19.     Pep Boys discriminated against Oliver by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Store during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

20.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

21.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

22.     Here, Oliver alleges that Pep Boys can easily remove the architectural barriers at the Store without much difficulty or expense, and that Pep Boys violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

23.     In the alternative, if it was not "readily achievable" for Pep Boys to remove the Store's barriers, then Pep Boys violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Oliver v. The Pep Boys Manny Moe & Jack of California, et al.</u>                    08cv1472 BEN (POR)
**Plaintiff's First Amended Complaint**

Page 6

### Failure to Design and Construct an Accessible Facility

24. On information and belief, the Store was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

25. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

26. Here, Pep Boys violated the ADA by designing or constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public—including Oliver—when it was structurally practical to do so.[3]

### Failure to Make an Altered Facility Accessible

27. On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

28. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

29. Here, Pep Boys altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Oliver—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

30. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities,

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Oliver v. The Pep Boys Manny Moe & Jack of California, et al.*                08cv1472 BEN (POR)
**Plaintiff's First Amended Complaint**

Page 7

or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

31. Here, Pep Boys violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

32. Oliver seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

33. Oliver also seeks a finding from this Court (*i.e.,* declaratory relief) that Pep Boys violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM
### Disabled Persons Act

34. Oliver incorporates the allegations contained in paragraphs 1 through 30 for this claim.

35. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

36. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

37. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

*Oliver v. The Pep Boys Manny Moe & Jack of California, et al.*   08cv1472 BEN (POR)
**Plaintiff's First Amended Complaint**

Page 8

38.     Here, Pep Boys discriminated against the physically disabled public—including Oliver—by denying them full and equal access to the Store. Pep Boys also violated Oliver's rights under the ADA, and, therefore, infringed upon or violated (or both) Oliver's rights under the Disabled Persons Act.

39.     <u>For each offense</u> of the Disabled Persons Act, Oliver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

40.     He also seeks to enjoin Pep Boys from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

41.     Oliver incorporates the allegations contained in paragraphs 1 through 30 for this claim.

42.     California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

43.     California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

44.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

45.     Pep Boys' aforementioned acts and omissions denied the physically disabled public—including Oliver—full and equal accommodations, advantages,

*Oliver v. The Pep Boys Manny Moe & Jack of California, et al.*     08cv1472 BEN (POR)
**Plaintiff's First Amended Complaint**

Page 9

facilities, privileges and services in a business establishment (because of their physical disability).

46.  These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Oliver by violating the Unruh Act.

47.  Oliver was damaged by Pep Boys' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

48.  Oliver also seeks to enjoin Pep Boys from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

49.  Oliver incorporates the allegations contained in paragraphs 1 through 13 for this claim.

50.  Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

51.  Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

52.  Oliver alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

53.  Pep Boys' non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Oliver and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

*Oliver v. The Pep Boys Manny Moe & Jack of California, et al.*   08cv1472 BEN (POR)
**Plaintiff's First Amended Complaint**

Page 10

# X. PRAYER FOR RELIEF

WHEREFORE, Oliver prays judgment against Pep Boys for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Pep Boys violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[4]

5. Interest at the legal rate from the date of the filing of this action.

DATED: August 14, 2008          DISABLED ADVOCACY GROUP, APLC

 /s/ Lynn Hubbard, III
LYNN HUBBARD, III
Attorney for Plaintiff A.J. Oliver

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.